IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WBL SPO I, LLC, a Foreign Limited Liability Company, registered with the Oklahoma Secretary of State,<br><br>     Plaintiff,<br><br>v.<br><br>REVELATION TRUCKING, LLC, an Oklahoma Limited Liability Company, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-23-727-D<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Court takes up this matter *sua sponte* on the Complaint [Doc. No. 1] and Disclosure Statement [Doc. No. 12] filed by Plaintiff on August 15, 2023 and September 1, 2023, respectively. In the Complaint, Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Upon review of the Complaint, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.

At every stage of every proceeding, "a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action." *Gwilt v. Harvard Square Retirement & Assisted Living*, 537 F. Supp. 3d 1231, 1236 (D. Colo. 2021). As explained by the court in *Gwilt*, the Court is dutybound to ensure jurisdiction exists:

> Absent an assurance that jurisdiction exists, a court may not proceed in a case. Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. Second, regarding subject matter jurisdiction, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

> requirement by failing to challenge jurisdiction. Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.

*Id.* at 1236-37 (internal citations and quotation marks omitted).

Here, Plaintiff, a limited liability company, alleges complete diversity among the parties. "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Relevant here, an LLC is not treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC, therefore, "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sr. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citing cases). Plaintiff, as the proponent of federal jurisdiction, "must specifically identify and state the citizenship of each member of each unincorporated association." *Gwilt*, 537 F. Supp. 3d at 1245.

Plaintiff alleges that it is a Delaware LLC. *See* Compl. [Doc. No. 1] at 1. But Plaintiff alleges nothing about the citizenship of each of its members or, if necessary, their members. On the face of the Complaint, the Court is unable to determine Plaintiff's citizenship. *See SWM Int'l, LLC v. DynaEnergetics Europe GmbH*, No. 21-cv-02315-PAB, 2022 WL 93851, at *1 (D. Colo. Jan. 10, 2022) ("Plaintiff has neither identified its members nor provided sufficient information for the Court to determine its citizenship.

2

Rather, plaintiff's statement that '[plaintiff] is a citizen of Delaware and Texas,' Docket No. 1 at 4, ¶ 14, is a conclusory allegation that is insufficient for the Court to determine plaintiff's citizenship.") (listing cases).

Plaintiff's Disclosure Statement [Doc. No. 12] is similarly deficient. Plaintiff states that it is a Delaware LLC and that its sole member is World Business Lenders, LLC, along with "special and independent manager Frank B. Bilotta." Pl.'s Disclosure Statement [Doc. No. 12]. Plaintiff further states that World Business Lenders is a New York LLC and Mr. Bilotta is a New Jersey citizen. *Id.* To satisfy the jurisdictional inquiry, Plaintiff must affirmatively allege each of its members' citizenship. Because World Business Lenders is an LLC, Plaintiff must state the citizenship of each of its members. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well.").

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended complaint to sufficiently allege the existence of diversity jurisdiction within 14 days from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended LCvR7.1.1 disclosure statement to sufficiently state its citizenship within 14 days from the date of this Order.

**IT IS SO ORDERED** this 12th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge